IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 0 8 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| CURTIS ANTHONY PENNINGTON, § | |
| TDCJ-ID #1072779, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-4164 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

# MEMORANDUM OPINION AND ORDER

Curtis Anthony Pennington, an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ) and proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has submitted a motion for summary judgment, to which petitioner has filed a response. (Docket Entries No. 17, 19.)

After consideration of the pleadings, the motions, the response, the relevant state court records, and the applicable law, summary judgment is **GRANTED**, and this case is **DISMISSED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was found guilty of aggravated assault and sentenced to sixteen years incarceration on November 13, 2001. The conviction was affirmed on appeal. *Pennington v. State*, No. 01-01-01163-CR (Tex. App.—Houston [1st Dist.] 2003, no pet.) ( not

designated for publication). No petition for discretionary review was filed. Petitioner's first application for state habeas relief was denied by the Texas Court of Criminal Appeals without a written order. *Ex parte Pennington*, Application No. 57,587-01, at cover. His second application for state habeas relief was dismissed as an abuse of the writ. *Ex parte Pennington*, Application No. 57,587-02, at cover.

Petitioner seeks federal habeas relief under the following grounds, which are grouped and renumbered for convenience and clarity:

(1) insufficiency of the evidence;

(2) material variance between the indictment and proof;

(3) conflicting witness statements;

(4) invalid or defective indictment;

(5) ineffective assistance of counsel.

Respondent argues that petitioner's claims either fail as a matter of law or have been procedurally defaulted.

## II. STATEMENT OF FACTS

The state court of appeals set forth the following statement of facts in its opinion:

This aggravated assault arose from an argument. On July 6, 2001, Jessie James Cooper, Jr., was walking home from the store, where he had purchased some juice, when he met his fiancee's daughter, Charlotte Phillips. Phillips asked Cooper about the juice, and Cooper told Phillips he would give her $1 so she could buy some juice for herself. [Petitioner] overheard the conversation and told Cooper that Cooper should give Phillips $10; and Cooper told [petitioner] that [petitioner] should give Phillips $10. [Petitioner] gave Phillips $10 to buy fruit drinks; and Phillips gave the money to Cooper

2

so that he could take it home for her. [Petitioner] began to talk about Phillip's mother in crude and vulgar language for no apparent reason and then asked Phillips to return the $10. Phillips went to Cooper and asked him to return the money to [petitioner].

When Cooper went back to the apartment complex to return the $10 to [petitioner], [petitioner] was holding a towel in one hand. [Petitioner] began to curse at Cooper and then tried to stab Cooper with a knife hidden in the towel. [Petitioner] missed Cooper. Cooper was able to disarm [petitioner], break the knife, and throw the remnants aside. Cooper turned to walk away, heard a gun click, and turned around to see [petitioner] pointing a gun at him. [Petitioner] pulled the trigger a second time, but again the gun clicked. [Petitioner] pulled the trigger a third time, and this time he shot Cooper in the left side of his stomach with a bullet.

Cooper disarmed [petitioner] again and put the gun against [petitioner's] head. Steven [A.], a bystander, told Cooper that 'it wasn't worth it,' and Cooper gave the gun to him. [Petitioner] fled from the scene and was arrested a week later. Cooper spent a week in the hospital recovering from his injury.

*Pennington v. State*, No. 01-01-01163-CR, p. 2.

### III. SUMMARY JUDGMENT MOTION

#### A.   Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. In deciding a motion for summary judgment, the court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion,

3

and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

All of the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes. *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). Factual controversies are resolved in favor of the nonmovant only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts. *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996). In that regard, a fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, an issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

B.  **Habeas Corpus Petitions Under 28 U.S.C. § 2254**

Petitioner's habeas corpus petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA, codified as amended at 28 U.S.C. § 2254(d), significantly restricts the availability of habeas corpus relief to state

prisoners. Under this statute, a petitioner retains the burden to prove he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).

Under the standard established by AEDPA, a federal writ of habeas corpus may not issue with respect to any claim that was adjudicated on the merits in state court unless the state court's determination of that claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1), (2). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has under materially indistinguishable facts. *Williams*, 529 U.S. at 413.

A decision is an unreasonable application of federal law if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the inmate's case. *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Rather, a reversal is not required unless the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be unreasonable. *Id.* In that regard, factual findings of the state court are presumed to be correct under 28 U.S.C. § 2254(e)(1), and federal courts must defer to them unless they were based on an unreasonable determination

5

of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).

## IV. INSUFFICIENCY OF THE EVIDENCE

Petitioner argues that the evidence is legally and factually insufficient to support the conviction. In a separate but related ground, petitioner complains that the State failed to prove the exact caliber of the gun used in the shooting.

These claims were not raised on direct appeal. On direct appeal, the state court of appeals recharacterized petitioner's "insufficiency" arguments as raising complaints of variance between the indictment and proof. In his first state habeas application, petitioner claimed that his conviction was obtained by an unlawful guilty plea, and that the witnesses had all lied against him. Because petitioner was convicted by a jury and did not plead guilty, the state court construed his application as an evidentiary complaint. In denying habeas relief, the state court found that petitioner's challenges to the sufficiency of the evidence were not cognizable in post-conviction habeas proceedings. *Ex parte Pennington*, p. 26. Accordingly, petitioner's factual insufficiency ground was rejected by the state court on procedural state law grounds, and is procedurally defaulted. Because petitioner failed to present his legal insufficiency ground to the state court on direct appeal, that issue likewise is procedurally defaulted. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

The Court is barred from considering these grounds unless petitioner demonstrates cause and prejudice or a miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722,

750 (1991); *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997). Petitioner presents only unsupported, conclusory allegations of his innocence, which are insufficient to meet his burden of proof. Habeas relief is denied under these grounds.

## V. COMPLAINTS REGARDING COMPLAINANT'S NAME

Petitioner next complains that the indictment is invalid or defective, or there was material variance between the indictment and proof, because of variations in the complainant's name; *i.e.*, Jesse James Cooper, Jesse James Cooper, Jr., Jessie James Cooper, Jr. He also claims that his sentence is illegal because the State failed to prove he shot these named individuals. This complaint, and its variations, was presented to and rejected by the state court on direct appeal, which found the variance immaterial under state law, whether raised as an insufficiency of the evidence or a notice-related error. *Pennington v. State*, No. 01-01-01163-CR, at 4-5.

These claims allege violations of state law and do not raise any federal constitutional issues. *See Mayabb v. Johnson*, 168 F.3d 863, 869-70 (5th Cir. 1999). Federal habeas grounds are raised only upon a showing that the alleged state law violations made the entire trial fundamentally unfair, denying due process. *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998). The record in this case does not demonstrate a fundamentally unfair trial or a denial of due process. Petitioner is not entitled to habeas relief under these arguments.

7

VI.  **CONFLICTING WITNESS STATEMENTS**

Petitioner complains that the complainant and another witness gave conflicting statements to police, with the complainant stating he was shot in the abdomen, and another witness stating the complainant was shot in the stomach. The issue of admissibility of the statements was not presented on direct appeal or collateral review, and has been procedurally defaulted. Even assuming this issue were properly before this Court, the Court finds no material conflict between the terms "abdomen" and "stomach." Habeas relief is denied under this ground.

VII.  **INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner argues that he was denied effective assistance of trial and appellate counsel. These grounds were not raised on direct appeal. Petitioner presented the arguments in his second state habeas application, but the state court denied relief under the following findings:

1.  [Petitioner] has failed to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claim was unavailable; or that, by a preponderance of the evidence, no rational juror could have found [him] guilty beyond a reasonable doubt.

2.  [Petitioner] has already challenged the underlying conviction in a prior writ application and was denied.

*Ex parte Pennington*, Application No. 57,587-02, p. 25. The Texas Court of Criminal Appeals dismissed the second application as an abuse of the writ. *Id.*, at cover. Accordingly, these issues are procedurally defaulted and will not be considered. Moreover,

8

petitioner has not rebutted the presumption of correctness of the state court's findings with clear and convincing evidence, and the state courts' determinations are not objectively unreasonable. Habeas relief is denied under these grounds.

## VIII. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Id*.

. Because the issues presented involve clearly settled areas of law, the Court concludes that jurists of reason would not debate whether the substantive or procedural rulings in this case were correct. Accordingly, a certificate of appealability will not issue in this case.

## IX. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Docket Entry No. 17) is **GRANTED**.

9

2. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

3. This cause of action is **DISMISSED** with prejudice.

4. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 7th day of July, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE